No. 3664

Second Circuit

DESOTO SECURITIES CO., INC., v. RAY-
VILLE GAS CO., INC., ET AL.

(December 31, 1929. Opinion and Decree.)

Hodge & Barnett, of Rayville, attorneys for plaintiff, appellee.

Smith & McGregor, of Rayville, attorneys for defendants, appellants.

REYNOLDS, J. This is a suit on a promissory note, signed by the defendant Rayville Gas Company, Inc., drawn payable to its own order and by it indorsed in blank, and also indorsed in blank by its co-defendant J. A. Hemler. Plaintiff alleged that it acquired the note before maturity, for value, and in due course of business.

The defendants admitted the execution and indorsement of the note, and allege that, after it was executed, it "was placed amongst the papers of defendant corporation; * * * that thereafter some person or persons took the note from amongst the papers of defendant corporation and negotiated the same without the knowledge or consent of defendants; * * * that the plaintiff herein did not acquire the said note in due course and in good faith but that it acquired the said note for a sum a great deal less than its real value, well knowing at the time that the said plaintiff had no authority to negotiate the said note. * * *"

On these issues the case was tried, and there was judgment in favor of the plaintiff and against the defendants, and the defendants appealed.

OPINION

W. A. Roach testified that he was the secretary-treasurer of the plaintiff company, and that the plaintiff had bought the note sued on and another note of like amount from the Richland Motor Company on December 15, 1928, and paid therefore $1,750, by check of the plaintiff in favor of the Richland Motor Company on

the Bank of Commerce & Trust Company, and that the check was paid.

John McCarthy testified that he was secretary of the Rayville Gas Company, Inc., on December 5, 1928, and—

"Q. Did the Richland Motor Company or W. W. Gibbs sell these two notes, the one here in controversy and another one of a like amount, to the De Soto Securities Company, Inc., before the maturity of the note sued on?

"A. Yes, sir.

"Q. Who delivered those notes to the Richland Motor Company?

"A. I did.

"Q. Were you an officer of the Rayville Gas Company, Inc.?

"A. Its secretary.

"Q. As a matter of fact, Mr. McCarthy, you negotiated the sale of these notes through the Richland Motor Company or W. W. Gibbs, did you not?

"A. Well, I wrote the letter to the De Soto Securities Company, Inc., on the letter head of the Richland Motor Company, and Mr. Gibbs signed the letter.

"Q. And you delivered the notes to Mr. Gibbs for delivery to the De Soto Securities Company, Inc.?

"A. Yes, sir."

He further testified that the proceeds of the sale of the notes had been paid out to creditors of the Rayville Gas Company, Inc., in satisfaction of debts owing by it to them.

Plaintiff acquired the note sued on for value before maturity in good faith from one who had obtained possession of it for the purpose of sale from the maker. The judgment appealed from is correct, and accordingly it is affirmed.